# UNITED STATES EX REL. ALASKA SMOKELESS COAL COMPANY *v.* LANE.

MANDAMUS; PUBLIC LANDS; SECRETARY OF THE INTERIOR.

1. In respect of the powers conferred upon the Secretary of the Interior to administer the laws relating to the control and disposition of the public lands of the United States, so long as he acts within the jurisdiction thus reposed in him, his judgment or discretion cannot be reviewed or controlled by mandamus. (Following *United States ex rel. Red River Lumber Co.* v. *Fisher*, 39 App. D. C. 181.)

2. A ruling of the Secretary of the Interior, after a hearing, that to constitute a valid location of coal land under the Act of Congress of April 28, 1904 (33 Stat. at L. 525, chap. 1772, Comp. Stat. 1916, § 5071), permitting any person who shall have opened or improved a coal mine on any of the unsurveyed public lands in Alaska to locate the lands upon which such mine is situated,—a producing mine of coal must be opened and developed, and not merely work performed upon a claim for prospecting purposes,—and rejecting an application for a patent on the ground that the evidence showed that the work on the claim in question consisted only of shallow surface cuts and openings for prospecting purposes, and not for the purpose of the opening or improving of a producing coal mine,—is not subject to review or control by mandamus.

No. 3070.   Submitted May 7, 1917.   Decided May 16, 1917.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia discharging a rule to show cause and dismissing a petition for the writ of mandamus to compel the Secretary of the Interior to issue patents for coal lands in Alaska.                                *Affirmed.*

The facts are stated in the opinion.

*Mr. James R. Caton, Mr. A. A. Hoehling, Jr., Mr. Stanton C. Peelle, Mr. C. F. R. Ogilby,* and *Mr. Charles E. Shepard,* for the appellant, in their brief cited:

*Brown* v. *N. P. R. Co.* 31 L. D. 29; *Colorado Coal & I. Co.*

v. *United States,* 123 U. S. 307, 328; *Cox* v. *United States,* 9
Wall. 298, 312; *Davis* v. *Weibold,* 139 U. S. 507; *Re Downs,*
7 L. D. 71; *Re Filer,* 36 L. D. 360; *Gelpoke* v. *Dubuque,* 1
Wall. 175; *Hamilton* v. *Anderson,* 19 L. D. 168; *Harkrader* v.
*Goldstein,* 31 L. D. 87, 92; *Johns* v. *Marsh,* 10 L. D. 196; *Ken-
dall* v. *United States,* 12 Pet. 524, 613; *Knight* v. *United States
Land Asso.* 142 U. S. 161, 181; 35 Land Dec. 395; *Re Nancy
Ann Caste,* 3 L. D. 169; *Ominette* v. *O'Connor,* 23 L. D. 538;
*Reed* v. *Nelson,* 29 L. D. 615; *Riverside Oil Co.* v. *Hitchcock,*
190 U. S. 316; *Rucker* v. *Knisley,* 14 L. D. 113; *Sloan* v. *Unit-
ed States,* 95 Fed. 194; *United States* v. *Munday,* 222 U. S.
175; *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683; *United
States ex rel. Red River Lumber Co.* v. *Fisher,* 39 App. D. C.
181; *United States* v. *Scofield,* 41 L. D. 176; *United States* v.
*Schurz,* 102 U. S. 407; *United States* v. *Trinidad Coal Co.* 137
U. S. 157, 169; *United States ex rel. Tucker* v. *Seaman,* 17
How. 225; *Watkins* v. *Garner,* 13 L. D. 414.

*Mr. Charles D. Mahaffie* and *Mr. C. Edward Wright* for the
appellees.

*Mr. Justice* VAN ORSDEL delivered the opinion of the Court:

Appellant corporation, Alaska Smokeless Coal Company, filed
a petition in the supreme court of the District of Columbia for
a writ of mandamus to compel Franklin K. Lane, the Secretary
of the Interior, and Clay Tallman, the Commissioner of the
General Land Office of the United States, to issue patents to
it for certain coal lands in the Territory of Alaska.  On hear-
ing, the court below discharged the rule to show cause and
dismissed the petition, from which judgment the case comes
here on appeal.

The case turned in the Land Department upon the construc-
tion of a provision of the Act of Congress of April 28, 1904 (33
Stat. at L. 525, chap. 1772, Comp. Stat. 1916, § 5071), as fol-
lows: "That any person or association of persons qualified to
make entry under the Coal-Land Laws of the United States,

who shall have opened or improved a coal mine or coal mines on any of the unsurveyed public lands of the United States in the district of Alaska, may locate the lands upon which such mine or mines are situated."

The Secretary, construing this provision of the statute in connection with other acts of Congress relating to the disposition of coal lands, said: "In construing the provisions of these laws, the Department has held that said acts contemplate as a basis of a valid location the opening and development of a producing mine of coal, and that work performed upon a claim merely for prospecting purposes does not fulfil the requirement. *Re Scofield*, 41 Land Dec. 176; *Re Long*, 43 Land Dec. 305; *United States* v. *Munday*, 222 U. S. 175, 56 L. ed. 149, 32 Sup. Ct. Rep. 53. It appearing from the record in the case, as above stated, that the work performed upon the claims here in question consists only of shallow surface cuts and openings made merely for prospecting purposes, and not for the purpose of the opening or improving of a producing coal mine or mines, it must be held that none of the asserted locations included in the applications affords a sufficient basis for entry and patent under the Coal-Land Laws. For these reasons, therefore, and aside from any other reason, the application must be rejected."

Voluminous testimony was taken relating to the development of the mines. Upon this the Secretary was required to pass. Applying the facts to the case, he was called upon to construe the application of the statute. It is clear that this is a case within the jurisdiction of the Secretary, not only as to the determination of the facts, but as to the interpretation of the law applicable thereto. The courts have consistently held, in respect of the powers conferred upon the Secretary to administer the laws relating to the control and disposition of the public lands of the United States, that, so long as he acts within the jurisdiction thus reposed in him, his judgment or discretion cannot be reviewed or controlled by mandamus. The case is ruled by *United States ex rel. Riverside Oil Co.* v. *Hitchcock*, 190 U. S. 316, 47 L. ed. 1073, 23 Sup. Ct. Rep. 698; *United States ex rel. Ness* v. *Fisher*, 223 U. S. 683, 56 L. ed. 610, 32

Sup. Ct. Rep. 356; *United States ex rel. Red River Lumber Co. v. Fisher,* 39 App. D. C. 181.

The judgment is affirmed with costs.          *Affirmed.*

A writ of error from the Supreme Court of the United States was allowed May 25, 1917.

Mr. Justice McCoy, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice SHEPARD.